UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK DIAZ,

                     Plaintiff,

    v.

ROCKLAND GARDENS ASSOCIATES d/b/a
ROCKLAND GARDEN ASSOCIATES, L.P.,

                     Defendant.

No. 22-CV-3281 (KMK)

OPINION & ORDER

KENNETH M. KARAS, United States District Judge:

Frank Diaz ("Diaz" or "Plaintiff") brought this Action against his former employer, Rockland Garden Associates ("Rockland Gardens" or Defendant), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.* (*See generally* Compl. (Dkt. No. 1).) The Parties now seek approval of their proposed settlement (the "Settlement Agreement" or "SA"). (Decl. of Douglas B. Lipsky, Esq., ("Lipsky Decl.") Ex. A ("SA") (Dkt. No. 16).) For the reasons that follow, the Parties' proposed settlement is approved.

I. Background

A. Factual Background

Plaintiff is a former superintendent at Rockland Gardens, an apartment complex in Nyack, New York. (Compl. ¶¶ 1, 13.) In this capacity, Plaintiff was responsible for, among other duties, ordinary maintenance, garbage removal, and responding to tenant complaints. (*Id.* ¶ 19.) Plaintiff worked at Rockland Gardens from 2006 to February 11, 2022 and alleges that

during that time he worked six days a week, from 9 to 6 P.M. each day, for a total of 54 hours per week. (*Id.* ¶ 18.)

Plaintiff has asserted various wage and hour violations. He alleges that Defendant knowingly and willfully failed to pay him overtime compensation in violation of the FLSA and NYLL. (*Id.* ¶¶ 2, 35–41.) Plaintiff also alleges that Defendant violated various provisions of the NYLL by failing to provide regular wage statements and related notices. (*Id.* ¶¶ 3, 23, 33–34, 42–47.) Accordingly, Plaintiff has sought to recover unpaid overtime compensation and liquidated damages. (*Id.* ¶¶ 35–47.)

### B. Procedural History

Plaintiff filed his Complaint on April 21, 2022. (Compl.) Defendant submitted its Answer on June 1, 2022. (Dkt. No. 10.) On June 10, 2022, Plaintiff filed a Notice of Settlement. (Dkt. No. 12.) On July 14, 2022, Plaintiff filed a Motion for Settlement Approval along with accompanying papers for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Mot. for Settlement Approval ("Settlement Motion") (Dkt. No. 14); Mem. of Law in Supp. of Mot. for Settlement Approval ("Pl's Mem.") (Dkt. No. 15); Lipsky Decl.) On July 18, 2022, Plaintiff filed a letter notifying the Court of an error in the settlement calculations and providing the Court with revised calculations. (Letter from Douglas B. Lipsky ("Lipsky Letter") (Dkt. No. 17).)

## II.  Discussion

### A. Standard of Review

Under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015) (citation omitted); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (same); *Briggs v. DPV Transportation, Inc.*, No. 21-CV-6738, 2021 WL 6111917, at *2 (S.D.N.Y. Dec. 27, 2021) (same).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

3

*Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (citation omitted); *see also Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (citation and quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Jambox*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (citation and quotation marks omitted).[1] To this end, courts require information surrounding

> the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award.

---

[1] This approach is consistent with the requirement that "FLSA settlements . . . not be confidential," in part because "sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–78 (S.D.N.Y. 2015) (citation and alteration omitted).

4

*Id.* (first alteration in original) (quotation marks omitted) (quoting *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 176).

    B.  Analysis

        1.  Whether Settlement Amount is Fair and Reasonable

Under the Settlement Agreement, Defendant agreed to pay $35,000 (the "Settlement Amount") to resolve Plaintiffs' claims. (SA ¶ 4(a).) Of this amount, $11,976.85 will go to Plaintiff's counsel for fees and costs, and Plaintiff's net settlement will be $23,023.15. (*Id.* ¶ 4(b).)[2]

Plaintiff alleges he is owed approximately $63,840 in overtime compensation, plus $10,000 in liquidated damages for notice and wage statement violations, resulting in total damages of $73,840. (Lipsky Letter 2.)[3] A net recovery of $23,023.15 would therefore represent 31% of Plaintiff's total alleged damages. In the absence of a settlement, Plaintiff faces significant litigation risk because Defendant asserts that it has a number of witnesses, including managers, tenants, and contractors, who would testify that Plaintiff did not work the hours that he claims. (Pl's Mem. 8); *see, e.g., Rodriguez-Hernandez v. K Bread & Co.*, No. 15- CV-6848, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving settlement sum representing 26% of potential damages where there were "various bona fide disputes between the parties,"

---

[2] Courts evaluate the fairness of a plaintiff's recovery after deducting attorneys' fees and costs. *See Arango v. Scotts Co., LLC*, No. 17-CV-7174, 2020 WL 5898956, at *3 (S.D.N.Y. Oct. 5, 2020); *Zorn-Hill v. A2B Taxi LLC*, Nos. 19-CV-1058, 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020); *Garcia v. Cloister Apt Corp.*, No. 16-CV-5542, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019).

[3] Plaintiff initially estimated his damages as $75,520 (Pl's Mem. 7), based on overtime that was not paid from February 11, 2019 to February 11, 2022; however, the Parties agreed that unpaid overtime that accrued prior to April 21, 2019 was barred by the expiration of the limitations period, (Lipsky Letter 1). Thus, the Parties agreed that Plaintiff's damages should be reduced by the exclusion of roughly two and a half months of unpaid overtime from February 11, 2019 to April 21, 2019. (*Id.*)

including "whether the evidence would support a claim" (quotation marks omitted)); *Beckert v. Ronirubinov*, No. 15-CV-1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving award of approximately 25% of maximum recovery where the plaintiff faced risks from "lack of documentation and conflicting witness support" (quotation marks omitted)). Thus, the Court finds that, under the circumstances of this case, the settlement is reasonable. *See Redwood v. Cassway Contracting Corp.*, No. 16-CV-3502, 2017 WL 4764486 at *2–3 (S.D.N.Y. Oct. 18, 2017) (finding net settlement of 29.1% of FLSA plaintiffs' maximum recovery reasonable where "settlement . . . enable[d] plaintiffs to avoid the risk of litigation"); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (approving settlement amount of less than 25% of the maximum possible recovery as reasonable "[i]n light of . . . litigation risks").

2. Good Faith

The Court is satisfied that the Settlement Agreement was negotiated competently, in good faith, at arm's length, and that there was no fraud or collusion. (*See* Pl's Mem. 12 (noting that the settlement was reached "after the parties engaged in an extensive arm's-length negotiation between counsel[] well-versed in this legal area").)

3. Similarly Situated Plaintiffs

Neither the Court nor Plaintiff is aware of "the presence of other employees situated similarly to the claimant," *Wolinsky*, 900 F. Supp. 2d at 336, militating in favor of settlement, (*see* SA ¶ 5).

4. Release Provision

"[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would

"waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id*. at 206 (quotation marks omitted) (quoting *Nights of Cabiria*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). To that end, releases must generally be limited to wage and hour issues, *see Cheeks*, 796 F.3d at 206, and "may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct," *Nights of Cabiria*, 96 F. Supp. 3d at 181 (citation and quotation marks omitted).

>Here, the Settlement Agreement release provides in relevant part:
>
>Plaintiff hereby IRREVOCABLY . . . RELEASES Defendant from any and all complaints . . . at any time on or prior to the date he executes this Agreement in connection with Defendant employing him, that involve wage and hour claims

arising under the FLSA and NYLL, including claims for not being paid overtime under the FLSA and for recordkeeping violations under the NYLL.

(SA ¶ 3.)

"[W]hile broad, the terms of the release . . . relate[] specifically to wage and hour issues without encompassing, for example, prospective discrimination claims." *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017); *cf. Rojas v. Bronx Moon LLC*, No. 17-CV-5825, 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (rejecting proposed settlement releasing "any and all FLSA claims and NYLL claims of any kind or nature"). Therefore, the Court approves the release.

### 5. Non-Disparagement Clause

The Settlement Agreement includes a non-disparagement clause wherein Plaintiff "agrees that he shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendant." (SA ¶ 6(a).) However, the clause also contains a carve-out: "Plaintiff is . . . permitted to make truthful statements to third-parties, including governmental agencies, about his employment at Defendant and litigating the Action." (*Id.*) Non-disparagement clauses are valid, so long as they contain such a carve-out. *Chandler v. Total Relocation Servs.*, LLC, No. 15-CV-6791, 2017 WL 3311229, at *4 (S.D.N.Y. Aug. 2, 2017); *Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65. Thus, the Court approves the non-disparagement clause.

### 6. Attorney Fees

Under both the FLSA and NYLL, a successful plaintiff—including one who settles—is entitled to attorney fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), NYLL §§ 198, 663(1)). Although courts may elect to award fees by considering either the lodestar method—the

reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiffs—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  But even where attorney fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records.").  A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonableness of the hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

      Here, Plaintiff's counsel seeks $465.30 in costs and a fee award of $11,511.65, which is approximately 33.3% of the net Settlement net of costs.  (Pl's Mem. 13.)[4]  Courts in the Second Circuit routinely award attorney fees in FLSA settlements of one-third of the total recovery.  *See Zorn-Hill*, 2020 WL 5578357, at *6 (collecting cases); *Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple*

---

[4] Plaintiff has provided contemporaneous time entry records in support of his request. (*See* Lipsky Decl. Ex. B.)  Courts in this District often evaluate fee requests against the net settlement amount reduced by costs claimed by Plaintiff's counsel.  *See, e.g., Intal v. Erie Agustin, M.D. Primary Care, P.C.*, No. 18-CV-3196, 2022 WL 892084, at *4 (E.D.N.Y. Jan. 27, 2022), *report and recommendation adopted*, No. 18-CV-3196, 2022 WL 889041 (E.D.N.Y. Mar. 25, 2022).

*Sanitation, Inc.*, No. 13- CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016).

Plaintiff's counsel has submitted contemporaneous and near-contemporaneous time entry records in support of his fee request (*see* Lipsky Decl. ¶ 3), which indicate two attorneys and a paralegal worked on the case (*see* Lipsky Decl. Ex. B). Attorney Douglas Lipsky spent 6.3 hours working on the matter at a rate of $450 per hour, resulting in a lodestar of $2,835. (*Id.*) Attorney Bayron Tapia worked on the case for 12 hours at a rate of $285 per hour, resulting in a lodestar of $3,420. (*Id.*)[5] Paralegal Carmenliggia Troia spent 2.7 hours working on the case at a rate of $115, which results in a lodestar of $310.50. (*Id.*) The Court finds that these rates are reasonable based on the substantiation provided by Plaintiff's counsel. (*See* Pl's Mem. 15–17.) Plaintiff's counsel has also submitted records of his costs, which demonstrate $465.30 was spent on filing fees and a process server. (*See* Lipsky Decl. Ex. C.) The fees lodestar plus costs comes to a total of $7,030.80. The total attorneys' fees and costs award of $11,976.95 requested by Plaintiffs' counsel thus incorporates a lodestar multiplier of approximately 1.7.

"When analyzing a multiplier, the Court should consider factors such as the attorney time expended, the complexity of the case, and the quality of the attorneys' representation." *Velazquez Cuautle v. Hudson Market 303 LLC*, No. 18-CV-2968, 2019 WL 5569603, at *2 (S.D.N.Y. Oct. 29, 2019) (citing *McDaniel v. County of Schenectady*, 595 F.3d 422, 423 (2d Cir. 2010)). This case was a straightforward FLSA action brought on behalf of a single plaintiff.

---

[5] In his Memorandum of Law, Plaintiff's counsel represents that Mr. Tapia's rate is $275. (*See* Pl's Mem. at 14, 16.) However, Plaintiff's counsel's billing records indicate that Mr. Tapia's rate is $285. (*See* Lipsky Decl. Ex. B.) The Court has relied on the rate included in the billing records.

The case settled before any motion practice or discovery was undertaken. (*See* Dkt.) Yet, Plaintiff's counsel did take the case on a contingent basis and advance fees and costs while pursuing its resolution. (*See* Pl's Mem. 13–14.) Given these factors, the Court accepts the lodestar multiplier of 1.7 as it falls within the normal range of multipliers approved in this District. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this District have concluded that 'a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.'" (quoting *Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *10 (S.D.N.Y. July 1, 2015))); *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (same); *see also Navarro Zavala v. Trece Corp.*, No. 18-CV-1382, 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020) (approving lodestar multiple of 1.7 in a single-plaintiff FLSA action). The requested attorneys' fee award and costs are approved.

## III. Conclusion

For the foregoing reasons, the Parties' request for approval of their Settlement Agreement is granted. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED:   February 3, 2023
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE